2r 571
46 1079

MANUEL SIMON CUCULLU and others *v.* THE UNION INSU-
RANCE COMPANY.

Judgment against an Insurance Company, and execution returned unsatisfied. Under
the 13th sect. of the act of 20 March, 1839, plaintiffs interrogated the appellants,
who admitted that they were stockholders in the Company. It was proved that the
latter were responsible for a balance due on their shares of stock, which was liable to
be called in by the Directors. *Held,* that plaintiffs might exercise against the ap-
pellants, all the rights which the defendants could have exercised against them; and
that, the amount of plaintiffs' claim being less than that which appellants were liable
to be called on to pay on their stock, the former was entitled to an execution
against them.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Benjamin,* for the plaintiffs.
*Hoffman,* for the appellants.
MARTIN, J. The plaintiffs having obtained judgment, sum
moned the Atchafalaya Rail Road and Banking Company as gar
nishees, and interrogated them in order to discover the amount
due by that Company to the defendants, as follows :
*First.* Are you not stockholders in the Union Insurance Com-
pany, and for how many shares ?
*Second.* How much have you paid on each share ?
*Third.* Does not the amount not yet paid on your stock, exceed
five thousand dollars ?
The following answers were given :
*First.* This Bank does own stock in the Union Insurance Com-
pany ; the number of shares, I presume, the books of the office
will show.
*Second.* All that has been legally called for.
*Third.* This Bank is not indebted to said Insurance Company.
The plaintiffs denied the truth of the answers, and issue was
joined thereon. At the trial, it was admitted in open court that
the Bank subscribed for one thousand shares of the stock, and
had paid only five dollars per share ; and that there are other sub-
scribers who have not paid more.
The plaintiffs had judgment against the Bank for the amount of

their judgment against the defendants, to wit, one thousand dollars, with interest and costs, and the Bank has appealed.

The charter of the Insurance Company provides, that it shall have a capital of three hundred thousand dollars, divided in shares of fifty dollars each, on which five dollars are to be paid at the time of subscribing, in cash, and the like sum in an endorsed note at sixty days; a like sum of five dollars per share, in a like note, payable in ninety days; a like sum payable in four months; and ten dollars on each share payable in six months from the date of subscription. The rest to be paid when called for by the Board.

The counsel for the garnishees and appellants contends that the cash payment and the notes were necessary to constitute a stockholder; that his clients have sworn that they have paid five dollars only on each share; and that we must, therefore, conclude they have not given the notes, that they are not stockholders, and consequently owe nothing. In the answer to the first interrogatory they swore that they own stock. They are, therefore, stockholders; and we must assume that they have done what was necessary to constitute them such. It is true that they swear they have paid five dollars, only, on each share, from which an inference is attempted to be drawn that they have not given the notes required to accompany the cash payment. It is established, indeed, that the notes are unpaid, but not that they were not given. The counsel for the garnishees has farther urged that if the notes were given, and the Bank thereby became stockholders, the plaintiffs cannot expect them to pay the amount of those notes until they are produced, or they are otherwise absolved from the obligation of paying them to the holders. This is certainly true. But it is not denied that there is twenty dollars due on each share, payable at the call of the Direction; and it is sworn, in the second answer, that all has been paid that has been legally called for. Leaving, therefore, out of view the five dollars which were paid in cash, and the sums for which the notes of the Bank may be afloat, there remains due twenty dollars on each share, which is sworn not to have been paid. The Bank being holders of one thousand shares owe forty-five thousand dollars. Judgment, therefore, was not incorrectly given against them, for a little more than one thousand dollars.

It is further contended, that the plaintiffs have mistaken their remedy. It is admitted that there are other stockholders who are debtors for part of their stock; and the Directors of the Insurance Company ought to have been compelled by a writ of mandamus to enforce payment from them. The Bank might have been compelled, by a suit, to complete the payment of their stock; and the claim could not have been resisted nor delayed on the ground that other stockholders in the same situation as the Bank, were not pursued; and the plaintiffs may exercise against the debtors of the defendants, all the rights which the latter might have exercised against them.

Lastly, the right of the plaintiffs against the Bank has been denied, on the ground that they have not shown that they were creditors of the Insurance Company at the time the Bank subscribed to the stock of the latter; that if the Bank was released by the Commissioners, or the Direction, from the obligation of giving the notes, or making the deferred payments, the plaintiffs could not complain, unless they showed that they were creditors when the Bank subscribed. It is useless to inquire into the weight of this objection, because it is not pretended that the release urged was granted to the Bank, either by the Commissioners or by the Direction.

*Judgment affirmed.*