## HENRY BRODE *v.* THE FIREMEN'S INSURANCE COMPANY OF NEW ORLEANS.

Plaintiff having recovered a judment against the Firemens' Insurance Company of New Orleans, propounded interrogatories to a stockholder, cited as a garnishee, who answered that he had owned certain shares in the conpany, but had forfeited them under the third section of the charter, before being made garnishee, by failing to pay the balance due on the shares subscribed for by him. He admitted that he had not sold or otherwise disposed of the shares, and had paid but a certain portion of the price of each: *Held,* that the liability of the garnishee resulted from his answer; that the forfeiture of the shares of delinquent stockholders, provided for by the third section of the charter, was a means given to the company to enforce, for its own protection, the payment of the amount subscribed for; that, without the action of the company, the stockholders do not loose their property in their respective shares; that the creditors of the company are entitled to the whole stock for the security of any judgment obtained against the company and that the company could not by any act of theirs, to the prejudice of their creditors, liberate any of its stockholders from their obligations to pay the full price of the shares subscribed for by them.

APPEAL from the Commercial Court of New Orleans, *Watts, J.* Chittenden, a stockholder in the Firemen's Insurance Company of New Orleans, having been cited as a garnishee by the plaintiff, who had obtained a judgment against the company, in answer to interrogatories propounded to him, admitted that he owned, in 1839, 16 shares of the stock; but averred that he had forfeited the same, under the third section of the charter, long before the service of the interrogatories on him. He stated further, that he had never sold, nor otherwise disposed of the said shares, and that he had paid but $26 or $27 per share. The plaintiff thereupon took a rule on the garnishee, to show cause why judgment should not be rendered against him, for the amount of the balance due on his shares. The sheriff returned, that the rule could not be served on the garnishee, in consequence of his absence from the State. There was a judgment against him, and he appealed.

The 3d section of the charter of the company (Act of 10 March, 1838), declares: " That the subscribers of the said company, shall pay, at the time of subscribing, five per cent upon each share, and five per cent every sixty days thereafter, until fifty per cent of the capital stock shall be paid in ; *provided,* that if

the fifty per cent so paid, should be by losses reduced, then the president and directors shall call in such other instalments, so as that the said company shall always have in possession at least forty per cent of its capital ; thirty days previous notice being given of such call in two papers, in English and French ; and any stockholder failing to pay any such instalment so called for, shall forfeit to said corporation all previous payments which he may have made, and cease to be a stockholder therein."

*Lowndes*, for the plaintiff. The third section of the charter of the company prescribes the mode in which the payments of the subscriptions to the capital shall be made ; and it is also declared by the same section, " that the company shall always have in its possession at least 40 per cent of its capital :" and by section 8, rule 5, it is provided, " that the stockholders shall not be responsible for losses beyond the amount of their respective shares."

What is the true construction of this fifth rule of the 8th section of the charter ? It is plainly this, that, to the extent of their subscriptions, the stockholders shall be liable for the debts of the company.

It was competent for the directors to have compelled the payment of the subscriptions by a suit ; but, as they have neglected to do so, the plaintiff ought not to be precluded from exercising the same right. *Cucullu* v. *Union Insurance Co.*, 2 Rob. 571. *Shiff* v. *Union Insurance Co.*, 2 Rob. 579. *Brode* v. *Firemen's Ins. Co.*, 8 Rob. *Spear* v. *Crawford*, 14 Wend. 20.

As a stockholder, who had not paid the amount due on the stock held by him, the appellant was a debtor of the defendants, within the meaning of the act of the legislature of 20th March, 1839, and was properly made a garnishee.

His answers show a balance due on the sixteen shares of stock held by him, of 22 1-2 dollars per share, making the sum of $360, for which judgment was rendered against him.

The charter requires the company to have always on hand at least 40 per cent of its capital : they may have more. The first 50 per cent on each share was to be paid in by instalments ; the last 50 per cent, whenever the exigencies of the company demanded it. Suppose the amount paid in to have been ab-

sorbed, and that losses required the immediate payment of the balance; the company had clearly a right to call that balance in at one time, on giving notice. So long as the company continued its operations, certain formalities, as between it and the stockholders, were to be complied with; but the stockholders were in fact *indebted* to the company from the day of subscription, to the extent of $50 on each share. The time and mode of payment are indicated in the charter. If, however, the company declined acting, as in truth it has done, and refused to call in the balance due, are the creditors to suffer?

There is no rule of law which obliges them, in such a case, to call in the balance by instalments: they stand in the place of the company only with reference to the amount actually due; and when the company becomes insolvent (a fact shown by the return of the *fi. fa.*), if it fails to call in a sufficient sum to pay its debts, its creditors may do so.

The balance due on each share is, in fact, a debt due to the company, payable on demand, which its creditors can garnishee. If A. give his note to B., payable on demand, B.'s creditor may garnishee it; and service of citation and interrogatories upon A. would be held a sufficient demand; for if A. could delay payment until B. should call on him for payment, it would be equivalent to never paying the debt.

Nor are the creditors bound to call upon each of the stockholders for his *pro rata*: this would be to require a hard and almost impracticable duty.

With respect to third persons, the stockholders are sureties for each other, to the amount due by them respectively. There is no law which requires the creditor to sue all the sureties; but if one surety pay the debt, he may call on his co-sureties for their proportion.

*Greiner*, for the appellant. The judgment should be reversed. The case was tried on a rule, and the return of the sheriff shows that the rule was never served on the defendant. An attorney should have been appointed to defend him. C. P. 116.

MARTIN, J. Judgment having been obtained against the company, the plaintiff sought a partial execution of it, by summoning Chittenden, one of the stockholders, as a garnishee,

who answered that he did not consider himself as a stock-holder. He admitted that he had become the owner of sixteen shares of the stock of the company, but averred that he had forfeited them before he was made a garnishee: he stated, that he had not sold any of those shares, nor had they been disposed of in any other manner than by the forfeiture; that he paid on each of the shares about twenty-six or twenty-seven dollars. On this, the plaintiff took a rule on the garnishee, to show cause why judgment should not be given against him; this rule was not served, the garnishee having gone out of the State. On the day stated in the rule, judgment was taken against him. The record shows that he was duly notified; and he appealed.

In this court, the parties have admitted that no testimony was introduced, and that all the evidence is on file. The counsel for the appellant has urged, that the part of the record which states that the garnishee had due notice of the rule, ought to be rejected, as no part of the evidence states the notice. On this he has contended that the rule was improperly tried, and that the garnishee ought to have had judgment on the merits.

The appellee's counsel has replied, that when the indebtedness of the garnishee appears in his answer, judgment may be given against him without any rule, and he has contended that this is the case in the present suit.

The answer admits that the garnishee was a stockholder for sixteen shares; that he paid twenty-six or twenty-seven dollars on each; and that they have been forfeited, according to the third section of the charter of the company, id est, by his omission to pay the twenty-two or twenty-three dollars, the payment of which was protracted.

It appears to us that the learned judge did not err, in considering that the indebtedness of the garnishee resulted from his answer. We are referred to the charter. The price of each share is fifty dollars: the garnishee paid twenty-six or twenty-seven. The charter, as a means of compelling the punctual payment of the protracted part of the price, declares the forfeiture of the shares. This is a means which the law gives to the company to protect itself, when the insolvency of the de-

faulting stockholders, or the great profits made by the company, make it their interest to sue for the forfeiture. The stockholder does not lose his property in the shares without the action of the company. A forfeiture is essentially a loss of one party, and a gain of the other. No one can acquire a right which he does not seek. *Invito beneficium non datur.* The creditors of a company have its whole stock for the security of any judgment against them; and the company cannot, by any act of theirs, liberate any of its stockholders from their obligation to complete the payment of the price of their shares, to the prejudice of the creditors. *Cucullu et al.* v. *Union Insurance Company*, 2 Rob. 571—578. The garnishee does not allege that the company has claimed the forfeiture; he is, therefore, still their debtor; and if he was to allege and prove it, the case just cited, perhaps, shows that he would still be bound to the plaintiff.

*Judgment affirmed.*