No. 2756.—HENRY PEYCHAUD, Commissioner, *v.* EVERETT LANE.

The general denial admits the capacity of the plaintiff. A stockholder in an insurance company can not be heard to urge as a defense to a suit brought against him on his stock note, by the creditors through their representative that the charter has been illegally changed, because no act on the part of the stockholders can defeat the rights of the creditors of the corporation.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J., A. & P. Robert,* for plaintiff and appellee. *Lacey & Butler,* for defendant and appellant.

WYLY, J. The defendant appeals from the judgment for $750, being twenty per cent. on his stock note obtained against him by the plaintiff as commissioner appointed to liquidate the affairs of the corporation known as the Great Southern and Western Life Accident, Marine and Fire Insurance Company, the defendant being a subscriber for fifty shares of its stock.

The defense is the general denial, and the averment that since the defendant became a subscriber to the capital stock of the Great Southern and Western Life and Accident Insurance Company, *and without his knowledge and consent,* the charter of said company had been illegally altered and amended; that the property and assets of the company had been improperly disposed of, and that by these and other unlawful acts of the company he had been forever released and discharged from all liability on the note aforesaid, and as a stockholder of the company.

Defendant also filed a supplemental answer, and therein set up for further special defense that the stockholders' meeting, held on the eighteenth May, 1866 (at which it is pretended that the charter of the Great Southern and Western Life and Accident Insurance Company was amended), was absolutely null and void, for the following reasons, to wit: no notice of such meeting was given to the stockholders. If notice was given, it failed to set forth the object of the meeting; the notice was not served personally or at domicile, in accordance with law; a reasonable time was not given, nor was a majority of the stockholders present; the votes cast at the meeting by proxy were null and

void, and the meeting illegal and without effect, because the law did not authorize a proxy to vote for an amendment of the charter, and no authority was ever given to said proxies by any special power of attorney or otherwise; and furthermore, and finally, that the number of votes required to effect a valid change of the original charter was not given.

The general denial admits the capacity of the plaintiff. That the defendant owes the corporation the stock note, upon which the contribution of twenty per cent. is demanded to pay debts, is not disputed; besides this, the note is in evidence. No act or contract on the part of the stockholders can defeat the rights of the creditors of the corporation, who are represented by the plaintiff in his fiduciary capacity. So far as the creditors are concerned, it is not in the power of the stockholders to liberate any one of their number from his obligation to pay the full price of the shares subscribed for by him. 10 Rob. 440.

So far as the irregularity of the amendments to the charter are concerned, we will remark that if such a defense could be entertained in the present action, it would not benefit the defendant; because in a notarial act he formally ratified and approved of the last amendment, and if any objection be had to the prior amendment it should then have been urged. We agree with the learned judge a quo that this ratification of the last amendment amounted to a tacit recognition of the one preceding it.

This case is like the one presented by the same plaintiff against J. B. Hood, lately decided, where the latter was condemned to pay the amount demanded.

There is no force in the other objections set up by the defendant.

Judgment affirmed.